UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


LARRY H. RUSSELL,

        Petitioner,

vs.                                     Case No. 3:19-cv-198-BJD-JBT

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.

_____

## ORDER

## I.  INTRODUCTION

Petitioner Larry H. Russell filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) challenging his state court (Duval County) conviction for tampering with a witness, grand theft auto, driving while license suspended, possession of cocaine; possession of paraphernalia, and resisting an officer without violence. Petition at 2.  Respondents filed an Answer to Petition for Writ of Habeas Corpus (Response) (Doc. 11). Petitioner filed a notice stating he intends on relying on the allegations and claims stated in the Petition (Doc. 16).  See Order (Doc. 8).

Three grounds are raised in the Petition: (1) ineffective assistance of appellate counsel for failure to raise a claim that the use of a general verdict form did not ensure a unanimous verdict on the tampering with a witness count; (2) ineffective assistance of trial counsel for failure to object to the trial court's use of the general verdict form that did not ensure a unanimous verdict on the count of tampering with a witness; and (3) ineffective assistance of trial counsel for failure to file a motion to suppress a letter illegally intercepted by jail officials as evidence of the tampering charge in count 1 and prejudicing the defense as to counts 2, 3, 5, 6, and 7 regarding consciousness of guilt.[1] Petition at 4, 7, 8. Respondents calculate the Petition is timely. Response at 6-8.

## II.   EVIDENTIARY HEARING

"In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing." Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318 (11th Cir. 2016) (citations omitted), cert. denied, 137 S. Ct. 2245 (2017). To be entitled to an evidentiary hearing, a petitioner

---

[1] Respondents filed an Appendix (Doc. 11). The page numbers referenced are the Bates stamp numbers at the bottom of each page of the exhibit. Otherwise, the page number on the document will be referenced. The Court will hereinafter refer to the Exhibits contained in the Appendix as "Ex." For the Petition and Response, the Court references the page numbers assigned by the electronic filing system.

must allege "facts that, if true, would entitle him to relief." Martin v. United States, 949 F.3d 662, 670 (11th Cir.) (quoting Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002)) (citation omitted), cert. denied, 141 S. Ct. 357 (2020). See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011) (opining a petitioner bears the burden of establishing the need for an evidentiary hearing with more than speculative and inconcrete claims of need), cert. denied, 565 U.S. 1120 (2012); Dickson v. Wainwright, 683 F.2d 348, 351 (11th Cir. 1982) (same).

If the allegations are contradicted by the record, patently frivolous, or based upon unsupported generalizations, the court is not required to conduct an evidentiary hearing. Martin, 949 F.3d at 670 (quotation and citation omitted). Here, the pertinent facts are fully developed in this record or the record otherwise precludes habeas relief;[2] therefore, this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004). Upon review, Petitioner has not met his burden as the record refutes the asserted factual allegations or otherwise precludes

---

2 Petitioner was represented by counsel in the state-court post-conviction proceeding, and the state court conducted an evidentiary hearing.

habeas relief. Therefore, the Court finds Petitioner is not entitled to an evidentiary hearing. <u>Schriro v. Landrigan</u>, 550 U.S. 465, 474 (2007).

## III. HABEAS REVIEW

The Eleventh Circuit recently opined that federal courts are authorized to grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." <u>Lee v. GDCP Warden</u>, 987 F.3d 1007, 1017 (11th Cir. 2021) (quoting 28 U.S.C. § 2254). Further, under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there is a very deferential framework, limiting the power of federal courts to grant relief if a state court denied a claim on its merits. <u>Sealey v. Warden, Ga. Diagnostic Prison</u>, 954 F.3d 1338, 1354 (11th Cir. 2020) (citation omitted) (acknowledging the deferential framework of AEDPA for evaluating issues previously decided in state court), <u>cert. denied</u>, 2021 WL 1240954 (U.S. Apr. 5, 2021); <u>Shoop v. Hill</u>, 139 S. Ct. 504, 506 (2019) (per curiam) (recognizing AEDPA imposes "important limitations on the power of federal courts to overturn the judgments of state courts in criminal cases").

Indeed, relief is limited to occasions where the state court's decision:

> "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A state

court's decision is "contrary to" clearly established federal law if the state court either reaches a conclusion opposite to the Supreme Court of the United States on a question of law or reaches a different outcome than the Supreme Court in a case with "materially indistinguishable facts." <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle" from Supreme Court precedents "but unreasonably applies that principle to the facts of the prisoner's case." <u>Id</u>. at 413, 120 S. Ct. 1495.

<u>Lee</u>, 987 F.3d at 1017-18.

This high hurdle is not easily surmounted; if the state court applied clearly established federal law to reasonably determined facts when determining a claim on its merits, "a federal habeas court may not disturb the state court's decision unless its error lies 'beyond any possibility for fairminded disagreement.'" <u>Shinn v. Kayer</u>, 141 S. Ct. 517, 520 (2020) (per curiam) (quoting <u>Harrington v. Richter</u>, 562 U.S. 86, 103 (2011)). Also, a state court's finding of fact, whether a state trial court or appellate court, is entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). "The state court's factual determinations are presumed correct, absent clear and convincing evidence to the contrary." <u>Sealey</u>, 954 F.3d at 1354 (quoting 28 U.S.C. § 2254(e)(1)). This presumption of correctness, however, applies only to

findings of fact, not mixed determinations of law and fact. <u>Brannan v. GDCP</u> <u>Warden</u>, 541 F. App'x 901, 903-904 (11th Cir. 2013) (per curiam) (recognizing the distinction between a pure question of fact from a mixed question of law and fact), <u>cert. denied</u>, 573 U.S. 906 (2014). Furthermore, the second prong of § 2254(d), requires this Court to "accord the state trial court [determination of the facts] substantial deference." <u>Dallas v. Warden</u>, 964 F.3d 1285, 1302 (11th Cir. 2020) (quoting <u>Brumfield v. Cain</u>, 576 U.S. 305, 314 (2015)), <u>petition for</u> <u>cert. filed</u>, (U.S. Feb. 27, 2021) (No. 20-7589). As such, a federal district court may not supersede a state court's determination simply because reasonable minds may disagree about the finding. <u>Id</u>. (quotation and citation omitted).

Finally, where there has been one reasoned state court judgment rejecting a federal claim followed by an unexplained order upholding that judgement, federal habeas courts employ a "look through" presumption: "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." <u>Wilson</u> <u>v. Sellers</u>, 138 S. Ct. 1188, 1192 (2018) (Wilson).

## IV.   INEFFECTIVE ASSISTANCE OF COUNSEL

Claims of ineffective assistance of counsel are "governed by the familiar two-part <u>Strickland</u>[v. Washington, 466 U.S. 668 (1984)] standard." <u>Knight v. Fla. Dep't</u>

of Corr., 958 F.3d 1035, 1038 (11th Cir. 2020), <u>cert. denied</u>, 2021 WL 1240957 (U.S. Apr. 5, 2021).   To prevail on a claim of ineffective assistance of counsel, a petitioner must successfully show his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" as well as show "the deficient performance prejudiced the defendant, depriving him of a 'fair trial, a trial whose result is reliable.'"   <u>Raheem v. GDCP Warden</u>, 995 F.3d 895, 908 (11th Cir. 2021) (quoting <u>Strickland</u>, 466 U.S. at 687).   As both components under <u>Strickland</u> must be met, failure to meet either prong is fatal to the claim. <u>Raheem</u>, 995 F.3d at 908 (citation omitted).

Notably, a claim of ineffective assistance of appellate counsel is governed by this same standard <u>Strickland</u> standard.   <u>Tuomi v. Sec'y, Fla. Dep't of Corr.</u>, 980 F.3d 787, 795 (11th Cir. 2020) (citing <u>Philmore v. McNeil</u>, 575 F.3d 1251, 1264 (11th Cir. 2009)), <u>cert. denied</u>, 2021 WL 1074184 (U.S. Mar. 22, 2021).   As in a claim of ineffective assistance of trial counsel, failure to establish either prong of the <u>Strickland</u> standard is fatal to a claim of ineffective assistance of appellate counsel. <u>Id</u>.

In applying the two-pronged standard established in <u>Strickland</u>, the Court is mindful that appellate counsel may weed out weaker, although meritorious arguments, as there is no duty under the Sixth Amendment to raise every non-frivolous issue.   <u>Overstreet v. Warden</u>, 811 F.3d 1283, 1287 (11th Cir. 2016). Regarding the prejudice prong, "[a]ppellate] [c]ounsel's performance will be deemed

prejudicial if we find that the neglected claim would have a reasonable probability of success on appeal." Tuomi, 980 F.3d at 795 (quoting Philmore, 575 F.3d at 1265) (internal quotation omitted).

Finally, the Eleventh Circuit warns:

> because "[t]he standards created by Strickland and § 2254(d) are both 'highly deferential,' . . . when the two apply in tandem, review is 'doubly' so. Harrington [v. Richter, 562 U.S. 86, 105 (2011)] (internal citations and quotation omitted). Thus, under § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

Tuomi, 980 F.3d at 795.

## V. GROUND ONE

**Ground One: ineffective assistance of appellate counsel for failure to raise a claim that the use of a general verdict form did not ensure a unanimous verdict on the tampering with a witness count.**

Concerning the question of exhaustion, Petitioner exhausted his state court remedies by raising this ground in a state petition for writ of habeas corpus. Ex. P. The state responded. Ex. R. The First District Court of Appeal (1st DCA) denied the petition. Ex. S.

The record shows the following. Petitioner was originally charged by information. Ex. A at 13-14. In an Amended Information, dated July 19, 2012, Petitioner was charged with tampering with a witness, victim, or

informant in the first count of the Amended Information.  Id. at 36-37.  It

reads:

> LARRY H. RUSSELL on July 20, 2011, in the County of Duval and the State of Florida, did knowingly offer pecuniary benefit or gain to **someone**, with the intent to cause or induce to withhold testimony from an official investigation or an official proceeding and/or testify untruthfully in an official investigation or an official proceeding, contrary to the provisions of Sections 914.22(1)(f) and 914.22(2)(b), Florida Statutes.

Id. at 36 (emphasis added).

At the inception of the trial, the following discussion took place outside

the presence of the jury.   The prosecutor, Mr. Bradley Bodiford, explained to

the court:

> In the proposed jury instructions[,] it asks for the defendant's name.  Due to the procedure of this trial, the State is asserting that there are three witnesses that the defendant altered or tampered with.

> One being Chickbabe, the intended receiver of the letter.  The second one being Justin Wilson, the new witness I refer to.  The third one being Lamar Searcy.

> As opposed to amending the information and charging three separate counts, the State is just asking the jury instructions be modified to **someone** as opposed to a specific name.  I don't believe Ms. Hickson has an objection.

Ex. B at 10 (emphasis added). Ms. Mary Hickson, defense counsel, announced she had no objection. Id. The state reiterated it would be using the word "someone" and the court stated that would be fine. Id. Mr. Bodiford pointed out this discussion goes to count one, and the court responded it had the amended information. Id. at 11. Mr. Bodiford then stated he was going to make an oral amendment to the current information, announcing a "DN4" as to count four, and modifying the dates for count one, the tampering count, to "July 22, 2011, through December 31, 2012."[3] Id. at 12. Ms. Hickson then confirmed this change did not alter Petitioner's plea of not guilty. Id.

At the charge conference, there was no objection to count one, tampering with the witness. Id. at 373. In addition, there was no objection to the verdict form as to count one, tampering with a witness. Id. at 386. The court asked Petitioner if he was satisfied with the instructions and the charge conference and Petitioner responded affirmatively. Id. at 388. The court asked Petitioner if he accepted the instructions, except for the lesser included instruction that the court denied, and Petitioner responded yes. Id. Petitioner stated he had no additional questions and was satisfied. Id.

The court instructed the jury, in pertinent part:

---

3 The Amended Information ("Amended Instanter") filed February 11, 2013, reflects the changes made *ore tenus*. Ex. A at 81-82.

As to Count one, in order to prove the crime of tampering with a witness, the State must prove the following elements or element beyond a reasonable doubt.

One, Larry H. Russell did knowingly offer pecuniary benefit or gain to **someone**. Two, Larry H. Russell did so with the intent to cause or induce someone to testify untruthfully in an official investigation or an official proceeding.

An official investigation is defined as any investigation instituted by a law enforcement agency or prosecuting officer of the State or a political subdivision of the State.

An official proceeding is defined as a proceed [sic] before a Judge, Court or grand jury.

Id. at 450-51.

The verdict form for count one reads: "We, the jury, find the Defendant guilty of Tampering with a Witness, Victim, or Informant, as charged in the information." Ex. A at 136. In the alternative, the jury could find the defendant not guilty. Id.

Petitioner asserts the trial court committed fundamental error when it allowed the jury to deliberate on three separate instances of tampering with a witness as Petitioner was only charged with one count of tampering, and the lumping of the three instances into one count compromised the jury's ability to render a unanimous verdict in its use of a general verdict form. Petition at 5.

Petitioner contends there is a reasonable probability that the result of the appeal would have been different if appellate counsel had raised this claim on direct appeal.  Id.

In count one, the state charged one count of tampering and identified the witness as "someone," but the prosecutor, at trial, presented evidence concerning three individuals:  witnesses Searcy, Wilson, and Chickbabe. Response at 23.  As far as demonstrating ineffective assistance of appellate counsel, Petitioner has failed in his attempt to meet the two-pronged standard of Strickland.  To begin with, as noted by Respondents, the parties agreed at the outset of the trial that the information would allege Petitioner tampered with "someone" as opposed to charging three instances of tampering with three different persons.  The trial court accepted the agreement.  Both the jury instructions and the verdict form were drafted and complied with the agreement of the parties.  Defense counsel did not challenge the information, the amended information, the jury instruction, or the verdict form.[4]

---

[4] Tellingly, at the evidentiary hearing on October 24, 2017, defense counsel testified she agreed to the course of action of using "someone" because she believed it benefitted her client. Ex. J at 13.  She explained that if the state charged three separate counts of witness tampering, Petitioner would be facing what could be three consecutive sentences, which could lead to a sentence of approximately ninety years in prison as an habitual felony offender.  Id. at 14-15, 19.  With just the one count naming "someone," Petitioner faced much less prison time ("he was only looking at 15 years or 30 years").  Id. at 19.  Defense counsel testified this strategy was discussed with Petitioner, and he agreed with the strategy.  Id. at 16.  The court found her testimony "more credible than that of Defendant."  Ex. I at 229.  Ultimately, the court found the decision to make the agreement to use "someone" reasonable, "considering

Under these circumstances. appellate counsel was not ineffective for failure to raise the issue on appeal. Without objection, the issue had not been preserved. Moreover, defense counsel affirmatively waived the issue before the trial court. She properly assessed the situation and realized it was in her client's best interest to accept the state's proposal of using "someone" rather than having the state charge three separate offenses, placing Petitioner in the precarious position of facing two additional charges of tampering, with the evidence stacked against him and the likelihood of subjecting him to very harsh, consecutive sentences as an habitual felony offender, ultimately exposing Petitioner to more convictions and significantly more time for his overall sentence. Ex. A at 19, Notice of Intent to Classify Defendant as an Habitual Felony Offender.

The Court finds the state court's determination is consistent with federal precedent. As such, the state court's decision is entitled to AEDPA deference. The state court's ruling is based on a reasonable determination of the facts and a reasonable application of the law. In short, the state court's adjudication of the claim of ineffective assistance of appellate counsel is not contrary to or an unreasonable application of <u>Strickland</u> and its progeny or based on an

_____

it reduced the number of possible convictions and corresponding sentences" Petitioner could receive. <u>Id</u>.

unreasonable determination of the facts.   Therefore, the state court's decision is entitled to deference and ground one is due to be denied.

As the threshold standard of <u>Strickland</u> has not been met, Petitioner has failed to demonstrate that his state court proceeding was fundamentally unfair and his appellate counsel ineffective.   <u>See</u> Petition at 4-5.   Thus, he has failed to demonstrate Sixth or Fourteenth Amendment violations.   Ground one is denied.

## VI.   GROUND TWO

**Ground Two:   ineffective assistance of trial counsel for failure to object to the trial court's use of the general verdict form that did not ensure a unanimous verdict on the count of tampering with a witness.**

In this ground, Petitioner contends, "[t]he trial court compromised the jury's ability to render a unanimous verdict by using a general verdict form[.]" Petition at 7.   Petitioner asserts that the three separate instances of tampering should have been charged separately and the verdict form should have required the jury to determine each incident of tampering.   <u>Id</u>. Petitioner submits that his counsel's performance was deficient for failure to object to the use of the general verdict form and for failure to request a special verdict form ensuring a unanimous verdict.   <u>Id</u>.   He argues his counsel's performance was deficient in not objecting and, "Petitioner's right to a fair trial a unanimous verdict and effective assistance of counsel were violated."   <u>Id</u>.

Petitioner raised this claim in ground one of his Rule 3.850 motion. Ex. I at 3, 16, 144-45, 160. After appointing counsel and conducting an evidentiary hearing, the trial court denied the post-conviction motion relying on the Strickland two-pronged standard. Ex. J; Ex. I at 227-30. The 1st DCA affirmed per curiam. Ex. N. The mandate issued February 25, 2019. Ex. O. As the state court properly applied the two-pronged Strickland standard of review, Petitioner cannot satisfy the "contrary to" test of 28 U.S.C. § 2254(d)(1) as the state court rejected Petitioner's claim based on Strickland.

The record demonstrates, at the time of Petitioner's trial, Ms. Hickson had been with the Office of the Public Defender for approximately thirteen years. Ex. J at 11. At the time of trial, she was an experienced criminal defense attorney who handled felony cases, except for homicides. Id. at 12. "When courts are examining the performance of an experienced trial counsel, the presumption that [her] conduct was reasonable is even stronger." Hardwick v. Benton, 318 F. App'x 844, 846 n.2 (11th Cir. 2009) (per curiam) (quoting Chandler v. United States, 218 F.3d 1305, 1316 (11th Cir. 2000)). There is a strong presumption that an experienced trial counsel's performance is not ineffective, and here, the trial court found Petitioner failed to overcome the presumption of effective performance accorded to his counsel.

The trial court found Petitioner's conduct reasonable under the circumstances presented. Ex. I at 229. Indeed, counsel's performance was well within the broad range of reasonable assistance under prevailing professional norms. <u>Strickland</u>. Also, the court found counsel's testimony to be more credible than that of Petitioner. Ex. I at 229. This Court has "no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." <u>Consalvo v. Sec'y for Dep't of Corr.</u>, 664 F.3d 842, 845 (11th Cir. 2011) (per curiam) (internal quotation marks omitted) (quoting <u>Marshall v. Lonberger</u>, 459 U.S. 422, 434 (1983)), <u>cert. denied</u>, 568 U.S. 849 (2012). Since the trial court observed Ms. Hickson's testimony and found it more credible, this Court declines to make any redetermination, as it must.

Ms. Hickson's performance did not so undermine the proper functioning of the adversarial process that Petitioner was deprived of a fair trial.[5] This Court has opined:

---

[5] The Fourteenth Amendment provides any state shall not deprive any person of life, liberty, or property, without due process of law. U.S. Const. amend. 14. To the extent a Fourteenth Amendment claim was raised and addressed, the adjudication of the state court resulted in a decision that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on this Fourteenth Amendment claim because the state court's decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts based on the evidence presented in the state court proceedings. Therefore, AEDPA deference is due, or alternatively, Petitioner is not entitled to federal habeas relief on a claim

> "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" <u>Chandler v. United States</u>, 218 F.3d 1305, 1313 (11th Cir.2000) (quoting <u>Burger v. Kemp</u>, 483 U.S. 776, 794, 107 S. Ct. 3114, 97 L.Ed.2d 638 (1987)). In finding prejudice, the court must determine that the result of the proceedings would have been different considering "the totality of the evidence before the judge or jury." <u>Berghuis v. Thompkins</u>, —— U.S. ——, 130 S. Ct. 2250, 2265, 176 L.Ed.2d 1098 (2010) (quoting <u>Strickland</u>, 466 U.S. at 695).

<u>Kuhns v. Sec'y Dep't of Corr.</u>, No. 2:08-cv-163-FtM-29SPC, 2011 WL 1085013, at *6 (M.D. Fla. Mar. 21, 2011) (not reported in F.Supp.2d).

Here, the trial court found Petitioner failed to satisfy the prejudice prong as well: "it is clear from the testimony from each of the . . . witnesses that there was overwhelming evidence Defendant offered money in exchange for favorable testimony, vitiating any concern that a verdict of guilty could not have been obtained without the assistance of the alleged error." Ex. I at 230. Therefore, as the threshold standard of <u>Strickland</u> has not been met, Petitioner has failed to demonstrate that his trial was fundamentally unfair and his counsel ineffective. Thus, Petitioner has failed to demonstrate either a Sixth or Fourteenth Amendment violation.

---

raised pursuant to the Fourteenth Amendment.

In denying post-conviction relief, the trial court properly applied the two-pronged Strickland standard of review. Petitioner cannot satisfy the "contrary to" test of 28 U.S.C. § 2254(d)(1) as the state court rejected this claim based on Strickland. Further, Petitioner has not shown the state court unreasonably applied Strickland or unreasonably determined the facts. Indeed, upon review, the state court was objectively reasonable in its Strickland inquiry. Furthermore, the 1st DCA affirmed the decision of the trial court.

Upon due consideration, the Court finds the state court's determination is consistent with federal precedent. Petitioner failed to satisfy either the performance or prejudice prongs. The 1st DCA's decision, although unexplained, is entitled to AEDPA deference. Applying the look through presumption described in Wilson, the state court's ruling is based on a reasonable determination of the facts and a reasonable application of the law. In brief, the state court's adjudication of the claim is not contrary to or an unreasonable application of Strickland and its progeny or based on an unreasonable determination of the facts. Therefore, ground two is due to be denied.

# VII. GROUND THREE

**Ground Three: ineffective assistance of trial counsel for failure to file a motion to suppress a letter illegally intercepted by jail officials as evidence of the tampering charge in count 1 and prejudicing the defense as to counts 2, 3, 5, 6, and 7 regarding consciousness of guilt.**

Petitioner raised this claim in ground four of his Rule 3.850 motion. Ex. I at 7-8, 20-21, 150-51, 165-66. The trial court summarily denied this ground, relying on the <u>Strickland</u> two-pronged standard. Ex. I at 227-28, 233-34. The 1st DCA affirmed per curiam. Ex. N. As the state court properly applied the two-pronged <u>Strickland</u> standard of review, Petitioner cannot satisfy the "contrary to" test of 28 U.S.C. § 2254(d)(1) as the state court rejected Petitioner's claim based on <u>Strickland</u>.

The record demonstrates the court rejected Petitioner's claim of ineffective assistance of trial counsel for failure to file a motion to suppress the jail letter. Ex. I at 233. In making this decision, the trial court relied on counsel's testimony from a <u>Nelson</u>[6] hearing. The letter at issue is contained in the record. Ex. A at 98-100 (redacted), 162-64 (unredacted). It is dated April 22, 2012, addressed to Chickbabe, and signed, Rusty. <u>Id</u>.

At a pre-trial hearing on October 15, 2012, Petitioner sought the appointment of new counsel. <u>Id</u>. at 181-82. Petitioner stated that one of the

---

6  <u>Nelson v. State</u>, 274 So. 2d 256 (Fla. 4th DCA 1973).

reasons he was seeking new counsel was he wanted his attorney to file a motion to suppress the letter. Id. at 182. Ms. Hickson responded that when Petitioner stated he did not believe the jail had permission to search his mail, Ms. Hickson informed Petitioner that "if they [jail officials] believe that there is a security issue or if they believe that he is committing a crime, they can go through his mail." Id. at 183. Ms. Hickson said Petitioner had been placed on notice that the jail officials were checking on things because they were informed that Petitioner was attempting to buy or tamper with witnesses.[7] Id. at 183-84. Also, Ms. Hickson told the court that the jail officials had received information from an outside tip that Petitioner was trying to purchase witnesses, resulting in the state attorney becoming involved. Id. Ms. Hickson said she explained to Petitioner, if the jail authorities believed Petitioner was committing crimes, they could intercept his mail. Id. The court denied the request for new counsel, noting that everything counsel had told Petitioner about the mail was true. Id. at 184-85.

---

[7] Tips came into First Coast Crime Stoppers in March of 2012 concerning Petitioner attempting to buy or tamper with witnesses and suggesting a need to sensor Petitioner's mail. Ex. I at 160. At trial, Daisy Peoples, a Jacksonville Sheriff's Office (JSO) employee, testified she was alerted to Petitioner's mail due to "a return letter." Ex. B at 315. Ms. Peoples further attested she was alerted to the outgoing letter dated April 22, 2012. Id. at 316. Don Quinn, forensic document examiner, more commonly referred to as a handwriting expert, testified at trial and provided his expert opinion that Petitioner wrote the letter. Id. at 327, 336-37.

In denying post-conviction relief, the court found "counsel was not ineffective for failing to file a meritless motion." Ex. I at 233. Under the circumstances presented, defense counsel would not have prevailed on a motion to suppress as evinced by the ruling of the trial court in denying post-conviction relief. A defense attorney need not make a meritless motion that would not have obtained relief. Brewster v. Hetzel, 913 F.3d 1042, 1056 (11th Cir. 2019). In failing to satisfy the performance prong of Strickland, Petitioner cannot prevail on his claim of ineffective assistance of trial counsel. Therefore, Petitioner is not entitled to habeas relief on ground three.

The 1st DCA affirmed the decision of the trial court applying the Strickland standard of review and denying Petitioner's claim of ineffective assistance of counsel. Ex. N. The Court finds the state court's determination is consistent with federal precedent. Although unexplained, the 1st DCA's decision is entitled to AEDPA deference. Applying the look-through presumption set forth in Wilson, the state court's ruling is based on a reasonable determination of the facts and a reasonable application of the law. Ground three is due to be denied as the state court's adjudication of the claim is not contrary to or an unreasonable application of Strickland and its progeny or based on an unreasonable determination of the facts. As such, the Court finds Petitioner is not entitled to habeas relief on ground three.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.      The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**

2.      This action is **DISMISSED WITH PREJUDICE**.

3.      The **Clerk** shall enter judgment accordingly and close this case.

4.      If Petitioner appeals the denial of his Petition for Writ of Habeas Corpus (Doc. 1), **the Court denies a certificate of appealability**.   This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).   Upon due consideration, this Court will deny a certificate of appealability.   Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper

that may be filed in this case.   Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of June, 2021.

_____
BRIAN J. DAVIS
United States District Judge

sa 5/26
c:
Larry H. Russell
Counsel of Record